OR. GINAL

**BY FAX**

1  SOLOUKI | SAVOY, LLP
   SHOHAM J. SOLOUKI (SBN 278538)
2  GRANT JOSEPH SAVOY (SBN 284077)
3  316 W. 2nd Street, Suite 1200
   Los Angeles, California 90012
   Telephone: (213) 814-4940
4  Facsimile:  (213) 814-2550

5  Attorneys for Plaintiff, individually
   and on behalf of all others similarly situated

**FILED**
Superior Court of California
County of Los Angeles

AUG 20 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
      Kristina Vargas

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – SPRING STREET

| | |
|---|---|
| NUVIA BARRAGAN, ITZEL LEGORRETA-CRUZALTA, JAVIER RAMIREZ, AND DAMALI URBINA-FAJARDO, individuals on behalf of themselves and all similarly situated employees<br><br>Plaintiffs,<br><br>vs.<br><br>POPULUS FINANCIAL GROUP, INC. DBA ACE CASH EXPRESS, INC., a Texas Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: **21STCV31256**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE REQUIRED MEAL PERIODS**<br>2. **FAILURE TO PROVIDE REQUIRED REST PERIODS**<br>3. **FAILURE TO PAY OVERTIME WAGES**<br>4. **FAILURE TO PAY MINIMUM WAGE**<br>5. **FAILURE TO TIMELY PAY WAGES**<br>6. **FAILURE TO PAY ALL WAGES DUE TO DISCHARGED AND QUITTING EMPLOYEES**<br>7. **FAILURE TO MAINTAIN REQUIRED RECORDS**<br>8. **FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS**<br>9. **FAILURE TO INDEMNIFY EMPLOYEES FOR NECESSARY EXPENDITURES INCURRED IN DISCHARGE OF DUTIES**<br>10. **UNFAIR AND UNLAWFUL BUSINESS PRACTICES**<br>11. **PRIVATE ATTORNEYS GENERAL ACT  OF 2004**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

1    Plaintiffs NUVIA BARRAGAN, ITZEL LEGORRETA-CRUZALTA, JAVIER

2    RAMIREZ, AND DAMALI URBINA-FAJARDO, individuals on behalf of themselves and all

3    similarly situated employees ("PLAINTIFFS"), demanding a jury trial, on behalf of themselves

4    and all other persons similarly situated, hereby allege as follows:

5                          **JURISDICTION AND VENUE**

6         1.    The Superior Court of the State of California has jurisdiction in this matter

7    because PLAINTIFF was and is a resident of the State of California, Defendants POPULUS

8    FINANCIAL GROUP, INC. DBA ACE CASH EXPRESS, INC., a Texas Corporation; and

9    DOES 1 through 100, inclusive, (collectively, "DEFENDANTS") are qualified to do business in

10   California and regularly conduct business in California.  Further, no federal question is at issue

11   because the claims are based solely on California law.

12        2..    Venue is proper in this judicial district and the County of LOS ANGELES,

13   California because PLAINTIFFS, and other persons similarly situated, performed work for

14   DEFENDANTS in the County of LOS ANGELES, DEFENDANTS maintain offices and

15   facilities and transact business in the County of LOS ANGELES, and DEFENDANTS' illegal

16   payroll policies and practices, which are the subject of this action, were applied, at least in part,

17   to PLAINTIFFS, and other persons similarly situated, in the County of LOS ANGELES. Further,

18   the amount in controversy exceeds the sum of $25,000.00, exclusive of interest and costs.

19                                **PLAINTIFF**

20        3.    Plaintiffs NUVIA BARRAGAN, ITZEL LEGORRETA-CRUZALTA, JAVIER

21   RAMIREZ, AND DAMALI URBINA-FAJARDO are a resident of the State of California who

22   was employed by DEFENDANTS as a non-exempt employee at times relevant to this

23   Complaint.

24        4.    PLAINTIFFS, on behalf of themselves and all other similarly situated current and

25   former non-exempt employees of DEFENDANTS who were employed by DEFENDANTS at

26   any time during the four (4) years preceding the filing of this complaint, and continuing while

27   this action is pending, bring this class action to recover, among other things, wages and penalties

28   from unpaid wages earned and due, including but not limited to unpaid minimum wages and

-2-

**CLASS ACTION COMPLAINT**

1   unpaid wages, unpaid and illegally calculated overtime compensation, illegal meal and rest

2   period policies, failure to timely pay wages, failure to pay all wages due to discharged or quitting

3   employees, failure to maintain required records, failure to provide accurate itemized wage

4   statements, failure to indemnify employees for necessary expenditures and/or losses incurred in

5   discharging their duties, and interest, attorneys' fees, costs, and expenses.

6        5.     PLAINTIFFS bring this action on behalf of themselves and the following

7   similarly situated class of individuals ("CLASS MEMBERS"): All current and former non-

8   exempt employees of DEFENDANTS who worked at any locations in the State of California at

9   any time within the period beginning four (4) years prior to the filing of the this action, and

10   ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").

11        6.     PLAINTIFFS reserve the right to name additional class representatives.

12   **DEFENDANTS**

13        7.     PLAINTIFFS are informed and believe, and thereon allege, that Defendant

14   POPULUS FINANCIAL GROUP, INC. DBA ACE CASH EXPRESS, INC., a Texas

15   Corporation is, and at all times relevant hereto was, a company authorized to do business in the

16   State of California and doing business in the State of California.

17        8.     Specifically, upon information and belief, Defendant POPULUS FINANCIAL

18   GROUP, INC. DBA ACE CASH EXPRESS conducts business in the County of LOS

19   ANGELES, State of California.

20        9.     The true names and capacities of DOES 1 through 100, inclusive, are unknown to

21   PLAINTIFFS at this time, and PLAINTIFFS therefore sues such DOE Defendants under

22   fictitious names.

23        10.    PLAINTIFFS are informed and believe, and thereon allege, that each Defendant

24   designated as a DOE is in some manner responsible for the occurrences alleged herein, and that

25   PLAINTIFFS and CLASS MEMBERS' injuries and damages, as alleged herein, were

26   proximately caused by the conduct of such DOE Defendants.  PLAINTIFFS will seek leave of

27   the court to amend this complaint to allege the true names and capacities of such DOE

28   Defendants when ascertained.

-3-

**CLASS ACTION COMPLAINT**

1    11.    At all relevant times herein, DEFENDANTS were the joint employers of

2  PLAINTIFFS and the CLASS MEMBERS.  PLAINTIFFS are informed and believe, and thereon

3  allege, that at all times material to this complaint DEFENDANTS, as categorized above, were

4  the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents,

5  principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or

6  guarantors, actual or ostensible, of each other.  Each DEFENDANT, as categorized above, was

7  completely dominated by his, her or its co-DEFENDANT, and each was the alter ego of the

8  other.

9    12.    At all relevant times herein, PLAINTIFFS and CLASS MEMBERS were

10  employed by DEFENDANTS under employment agreements that were partly written, partly

11  oral, and partly implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS,

12  and each of them, acted pursuant to, and in furtherance of, their policies and practices of not

13  paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and

14  schemes which include, but are not limited to, failing to pay overtime premiums; failing to

15  provide rest and meal periods; failing to properly maintain records; failing to provide accurate

16  itemized statements for each pay period; failing to properly compensate PLAINTIFFS and

17  CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering

18  PLAINTIFFS and CLASS MEMBERS to work off the clock, in violation of the California Labor

19  Code and the applicable IWC Wage Order.

20    13.    PLAINTIFFS are informed and believe, and thereon allege, that each and every

21  one of the acts and omissions alleged herein was performed by, and/or attributable to, all

22  DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control

23  of, each of the other DEFENDANTS, and that said acts and failures to act were within the course

24  and scope of said agency, employment and/or direction and control.

25    14.    As a direct and proximate result of the unlawful actions of DEFENDANTS,

26  PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from loss of

27  earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction

28  of this Court.

-4-

**CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

15.  This action is appropriately suited for a class action because:

A.  The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

B.  This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair and unlawful business practices arising from such violations.

C.  The claims of PLAINTIFFS are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code.

D.  PLAINTIFFS is able to fairly and adequately protect the interests of all CLASS MEMBERS because it is in their best interest to prosecute the claims alleged herein to obtain full compensation due to the CLASS MEMBERS for all services rendered and hours worked.

Further, PLAINTFFS are informed and believe the amount in controversy for each individual CLASS MEMBER does not exceed the sum of $75,000.00, exclusive of penalties, interest, attorney fees, and costs.

///
///
///

**CLASS ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 4-2001, § 11]

### (Against all DEFENDANTS)

16.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

17.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFFS and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFFS and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 4-2001, § 11.

18.     DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 4-2001, § 11 by failing to compensate PLAINTIFFS and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

19.     DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 4-2001 by failing to compensate PLAINTIFFS and CLASS MEMBERS for all hours worked during their meal periods.

20.     As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

///
///
///

-6-

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 4-2001, § 12]

### (Against all DEFENDANTS)

21.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

22.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFFS and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4-2001, § 12.

23.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12 by failing to pay PLAINTIFFS and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

24.     As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 4-2001, § 3]

### (Against all DEFENDANTS)

25.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

26.     Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 4-2001, § 3, DEFENDANTS are required to compensate PLAINTIFFS and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all

-7-

1  hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

2  first eight (8) hours on the seventh consecutive workday, with double time for all hours worked

3  in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8)

4  hours on the seventh consecutive day of work in any workweek.

5       27.    PLAINTIFFS and CLASS MEMBERS are current and former non-exempt

6  employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

7  Order No. 4-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate

8  PLAINTIFFS and CLASS MEMBERS for all overtime hours worked as required under the

9  foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:

10  failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

11  California Labor Code §§ 510, 1194, and IWC Wage Order No. 4-2001, § 3; requiring,

12  permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring,

13  permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest

14  breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS

15  MEMBERS worked; illegally rounding the work hours of PLAINTIFFS and CLASS

16  MEMBERS; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records;

17  failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS

18  for each pay period; and other methods to be discovered.

19       28.    In violation of California law, DEFENDANTS have knowingly and willfully

20  refused to perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all

21  wages earned and all hours worked.  As a proximate result, PLAINTIFFS and CLASS

22  MEMBERS have suffered, and continue to suffer, substantial losses related to the use and

23  enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in

24  seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their

25  respective damages in amounts according to proof at time of trial, and within the jurisdiction of

26  this Court.

27       29.    DEFENDANTS' conduct described herein violates California Labor Code §§

28  510, 1194, 1198 and IWC Wage Order No. 4-2001, § 3.  Therefore, pursuant to California Labor

**CLASS ACTION COMPLAINT**

1   Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California

2   Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to

3   recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties,

4   attorneys' fees, expenses, and costs of suit.

5

6                  **FOURTH CAUSE OF ACTION**

7                  **Failure to Pay Minimum Wages**

8      **[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 4-2001, § 4]**

9                  **(Against all DEFENDANTS)**

10      30.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

11   the allegations in all preceding paragraphs.

12      31.     Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 4-

13   2001, § 4, payment to an employee of less than the applicable minimum wage for all hours

14   worked in a payroll period is unlawful.

15      32.     During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFFS and

16   CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring,

17   permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring,

18   permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest

19   breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS

20   MEMBERS worked; illegally rounding the work hours of PLAINTIFFS and CLASS

21   MEMBERS; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records;

22   failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS

23   for each pay period; and other methods to be discovered.

24      33.     DEFENDANTS' conduct described herein violates California Labor Code §§

25   1194, 1197, and IWC Wage Order No. 4-2001, § 4.  As a proximate result of the aforementioned

26   violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according

27   to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194,

28   1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders,

**CLASS ACTION COMPLAINT**

1  PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed

2  to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

3

4                                   **FIFTH CAUSE OF ACTION**

5                        **Failure to Timely Pay Wages During Employment**

6                                   **[Cal. Labor Code § 204]**

7                                   **(Against All DEFENDANTS)**

8          34.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

9  the allegations in all preceding paragraphs.

10         35.    Pursuant to California Labor Code § 204, for all labor performed between the 1st

11 and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt

12 employees between the 16th and 26th day of the month during which the labor was performed.

13 California Labor Code § 204 also provides that for all labor performed between the 16th and 26th

14 days of any calendar month, DEFENDANTS are required to pay their nonexempt employees

15 between the 1st and 10th day of the following calendar month.  In addition, California Labor Code

16 § 204 provides that all wages earned for labor in excess of the normal work period shall be paid

17 no later than the payday of the next regular payroll period.

18         36.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to

19 pay PLAINTIFFS and CLASS MEMBERS all the wages they earned when due as required by

20 California Labor Code § 204.

21         37.    Pursuant to California Labor Code § 210, failure to pay the wages of each

22 employee as provided in California Labor Code § 204 will subject DEFENDANTS to a civil

23 penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial

24 violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-

25 five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

26         38.    DEFENDANTS' conduct described herein violates California Labor Code § 204.

27 As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS

28 have been damaged in an amount according to proof at trial.  Therefore, pursuant to California

                                             -10-
                              **CLASS ACTION COMPLAINT**

1    Labor Code §§ 200, 210, 226, 558, 1194, 1197.1, 2699, and other applicable provisions under

2    the Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to

3    recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties,

4    attorneys' fees, expenses, and costs of suit.

5

6    **SIXTH CAUSE OF ACTION**

7    **Failure to Pay All Wages Due to Discharged and Quitting Employees**

8    **[Cal. Labor Code §§ 201, 202, 203]**

9    **(Against all DEFENDANTS)**

10    39.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

11    the allegations in all preceding paragraphs.

12    40.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are

13    required to pay all earned and unpaid wages to an employee who is discharged.  California Labor

14    Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued

15    and unpaid at the time of discharge are due and payable immediately.

16    41.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are

17    required to pay all accrued wages due to an employee no later than 72 hours after the employee

18    quits his or her employment, unless the employee provided 72 hours previous notice of his or her

19    intention to quit, in which case the employee is entitled to his or her wages at the time of

20    quitting.

21    42.    California Labor Code § 203 provides that if an employer willfully fails to pay, in

22    accordance with California Labor Code §§ 201 and 202, any wages of an employee who is

23    discharged or who quits, the employer is liable for waiting time penalties in the form of

24    continued compensation to the employee at the same rate for up to 30 workdays.

25    43.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay

26    accrued wages and other compensation to PLAINTIFFS and CLASS MEMBERS in accordance

27    with California Labor Code §§ 201, 202, and 203.

28    44.    As a result, PLAINTIFFS and CLASS MEMBERS are entitled to all available

**CLASS ACTION COMPLAINT**

1   statutory penalties, including the waiting time penalties provided in California Labor Code §

2   203, together with interest thereon, as well as other available remedies.

3       45.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

4   PLAINTIFFS and CLASS MEMBERS have been deprived of compensation in an amount

5   according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

6   entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs,

7   pursuant to California Labor Code §§ 1194 and 2699.

8

9                        **SEVENTH CAUSE OF ACTION**

10                   **Failure to Maintain Required Records**

11          **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 4-2001, § 7]**

12                      **(Against all DEFENDANTS)**

13      46.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

14   the allegations in all preceding paragraphs.

15      47.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

16   and practices to deprive PLAINTIFFS and CLASS MEMBERS of all wages earned and due,

17   DEFENDANTS knowingly and intentionally failed to maintain records as required under

18   California Labor Code §§ 226, 1174, and IWC Wage Order No. 4-2001, § 7, including but not

19   limited to the following records: total daily hours worked by each employee; applicable rates of

20   pay; all deductions; meal periods; time records showing when each employee begins and ends

21   each work period; and accurate itemized statements.

22      48.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

23   PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at

24   trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally,

25   PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including

26   but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5,

27   and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to

28   those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226; IWC Wage Order No. 4-2001, § 7]**

**(Against all DEFENDANTS)**

49.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

50.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity or entities employing PLAINTIFFS and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 4-2001, § 7.

51.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

52.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

///

///

///

**CLASS ACTION COMPLAINT**

1

2

3

4

5

**NINTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures**

**Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

6     53.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

7 the allegations in all preceding paragraphs.

8     54.     California Labor Code § 2802(a) requires an employer to indemnify an employee

9 for all necessary expenditures or losses incurred by the employee in direct consequence of the

10 discharge of his or her duties, or of his or her obedience to the directions of the employer.

11     55.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to

12 indemnify PLAINTIFFS and CLASS MEMBERS for all business expenses and/or losses

13 incurred in direct consequence of the discharge of their duties while working under the direction

14 of DEFENDANTS, including but not limited to expenses for uniforms, travel expenses, cell

15 phone usage, and other employment-related expenses, in violation of California Labor Code §

16 2802.

17     56.     As a proximate result of DEFENDANTS' unlawful actions and omissions,

18 PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at

19 trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to

20 California Labor Code § 2802(b).  Additionally, PLAINTIFFS and CLASS MEMBERS are

21 entitled to all available statutory penalties and an award of costs, expenses, and reasonable

22 attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other

23 available remedies.

24

25

26 ///

27 ///

28 ///

-14-

1

## TENTH CAUSE OF ACTION

2

### Unfair and Unlawful Business Practices

3

[Cal. Bus. & Prof. Code §§ 17200 et. seq.]

4

### (Against all DEFENDANTS)

5       57.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

6   the allegations in all preceding paragraphs.

7       58.     Each and every one of DEFENDANTS' acts and omissions in violation of the

8   California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but

9   not limited to DEFENDANTS' failure and refusal to provide required meal periods,

10  DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure

11  and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum

12  wages, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements;

13  DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and

14  refusal to indemnify PLAINTIFFS and CLASS MEMBERS for necessary expenditures and/or

15  losses incurring in discharging their duties, constitutes an unfair and unlawful business practice

16  under California Business and Professions Code § 17200 et seq.

17      59.     DEFENDANTS' violations of California wage and hour laws constitute a

18  business practice because DEFENDANTS' aforementioned acts and omissions were done

19  repeatedly over a significant period of time, and in a systematic manner, to the detriment of

20  PLAINTIFFS and CLASS MEMBERS.

21      60.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods,

22  rest periods, and other benefits as required by the California Labor Code, the California Code of

23  Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to

24  record, report, and pay the correct sums of assessment to the state authorities under the

25  California Labor Code and other applicable regulations.

26      61.     As a result of DEFENDANTS' unfair and unlawful business practices,

27  DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the

28  expense of PLAINTIFFS, CLASS MEMBERS, and members of the public.  DEFENDANTS

-15-

**CLASS ACTION COMPLAINT**

1  should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS and

2  CLASS MEMBERS.

3      62.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFFS and

4  CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not

5  limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFFS and

6  CLASS MEMBERS the wages and other compensation unlawfully withheld from them.

7  PLAINTIFFS and CLASS MEMBERS are entitled to restitution of all monies to be disgorged

8  from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the

9  jurisdiction of this Court.

10

11                           **ELEVENTH CAUSE OF ACTION**

12                    **PRIVATE ATTORNEYS GENERAL ACT OF 2004**

13                           **[Cal. Labor Code § 2698, et seq.]**

14                             **(Against all DEFENDANTS)**

15      63.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

16  the allegations in all preceding paragraphs.

17      64.     PLAINTIFFS and CLASS MEMBERS are "aggrieved employees" under PAGA,

18  as they were employed by DEFENDANTS during the applicable statutory period and suffered

19  one or more of the Labor Code violations set forth herein. Accordingly, they seeks to recover on

20  behalf of themselves and all other current and former aggrieved employees of DEFENDANTS,

21  the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

22      65.     PLAINTIFFS and CLASS MEMBERS seek to recover the PAGA civil penalties

23  through a representative action permitted by PAGA and the California Supreme Court in Arias v.

24  Superior Court (2009) 46 Cal. 4th 969. Therefore, class certification of the PAGA claims is not

25  required.

26      66.     PLAINTIFFS and CLASS MEMBERS seek civil penalties pursuant to PAGA for

27  violations of the following Labor Code provisions:

28          a. failure to provide prompt payment of wages to Labor Code §§ 200, 201, 202,

-16-

**CLASS ACTION COMPLAINT**

1    203;

2                    b. failure to provide accurate itemized wage statements to employees in violation

3    of Labor Code §§ 226(a), 1174, and 1174.5;

4                    c. failure to provide meal and rest periods in violation of Wage Order No. 1 and

5    Labor Code §§ 226.7, 512, and 558;

6                    d. failure to pay overtime wages in violation of Wage Order No. 1 and Labor

7    Code §§ 510, 558, 1194 and 1198;

8                    e. failure to pay minimum wages in violation of Wage Order No. 1 and Labor

9    Code §§ 1182.12, 1194, and 1197;

10                   f. failure to provide itemized wage statements to employees in violation of Labor

11   Code §§ 226(a); and failure to pay all wages twice during each calendar month on days

12   designated in advance by the employer as the regular paydays in violation of Labor Code § 204;

13                   g. Failure to Maintain Records in violation of Labor Code § 226 (c) and 1198.5.

14        67.    With respect to violations of Labor Code § 226(a), Labor Code § 226.3 imposes a

15   civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250)

16   per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved

17   employee for each subsequent violation of Labor Code § 226(a).

18        68.    With respect to violations of Labor Code §§ 510, 512, Labor Code § 558 imposes

19   a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial

20   violations for each underpaid employee for each pay period for which the employee was

21   underpaid in addition to an amount sufficient to recover underpaid wages, and one hundred

22   dollars ($100) for subsequent violations for each underpaid employee for each pay period for

23   which the employee was underpaid in addition to an amount sufficient to recover underpaid

24   wages. Moreover, Plaintiffs seeks civil penalties in the amount of unpaid wages owed to

25   aggrieved employees pursuant to Labor Code § 558(a)(3).

26        69.    With respect to violations of Labor Code § 1174, Labor Code § 1174.5 imposes a

27   civil penalty of $500.

28        70.    Labor Code § 2699 et seq. imposes a civil penalty of one hundred dollars ($100)

-17-
**CLASS ACTION COMPLAINT**

1  per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) pay

2  period, per aggrieved employee for subsequent violations for all Labor Code provisions for

3  which a civil penalty is not specifically provided, including Labor Code §§ 200, 201, 202, 203,

4  226, 226.7, 226.8, 350, 351, 1174, 1182.12, 1194, 1197, 1198, 1198.5 and 2802.

5       71.    On June 29, 2021, PLAINTIFFS gave written notice by certified mail of

6  DEFENDANTS' violations of various provisions of the California Labor Code as alleged in this

7  complaint to the Labor and Workforce Development Agency ("LWDA") and DEFENDANTS.

8  This written notice was subsequently amended and served on July 20, 2021.

9       72.    The LWDA did not provide notice of its intention to investigate DEFENDANTS'

10  alleged violations within sixty-five (65) calendar days of the postmark date of the notice sent by

11  Plaintiff. See Cal. Lab. Code § 2699.3(a)(2)(A).

26  ///

27  ///

28  ///

-18-

**CLASS ACTION COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS, individually and on behalf of all other persons similarly situated, respectfully pray for relief against DEFENDANTS and DOES 1 through 100, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

6. For waiting time penalties pursuant to California Labor Code § 203;

7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 210, 226.3, 226(e), 558, 1197.1, and 2699;

8. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 1021.5, 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10. For declaratory relief;

11. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action as a class action;

12. For an order appointing PLAINTIFFS as class representatives, and PLAINTIFFS' counsel as class counsel; and

13. For such further relief that the Court may deem just and proper.

**CLASS ACTION COMPLAINT**

1    DATED:        August 19, 2021              Respectfully submitted,

2                                              **SOLOUKI | SAVOY, LLP**

3

4                                       By:  _Shoham J. Solouki_

5                                              SHOHAM J. SOLOUKI
                                               GRANT JOSEPH SAVOY
                                               Attorneys for Plaintiffs and Putative Class

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   ///

26   ///

27   ///

28

-20-

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

PLAINTIFFS, individually and on behalf of all other persons similarly situated, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED:          August 19, 2021                    Respectfully submitted,

**SOLOUKI | SAVOY, LLP**

By:    *Shoham J. Solouki*
SHOHAM J. SOLOUKI
GRANT JOSEPH SAVOY
Attorneys for Plaintiffs and Putative Class

-21-

**CLASS ACTION COMPLAINT**